FILED & ENTERED

JUN 04 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Hugo Pimienta, Debtor | Case No.:    2:03-bk-30563-ER <br> Adv. No.:    2:04-ap-01337-ER |
| Margarita Jacuzzi et al., <br><br>                          Plaintiffs <br><br>           v. <br><br> Hugo Pimienta, <br><br>                          Defendant | **MEMORANDUM OF DECISION ON EXAMINEE'S MOTION FOR PROTECTIVE ORDER** <br><br> [No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

On April 25, 2019, the Court entered an order deeming *Examinee Maria Antoineta Pimienta's Opposition to Application and Order to Appear for Examination of Third Person Regarding Enforcement of Judgment; Request for Entry of Protective Order* [Doc. No. 76] to constitute a motion for entry of a protective order (the "Motion"). *See* Order Setting Briefing Schedule on Motion for Entry of a Protective Order [Doc. No. 78]. The Court set a briefing schedule on the Motion. The Court has reviewed the briefing submitted by both parties[1] and

---

[1] The Court has reviewed the following papers in adjudicating this matter:
  1) Examinee Maria Antonieta Pimienta's Opposition to Application and Order to Appear for Examination of Third Person Regarding Enforcement of Judgment [Doc. No. 76];
  2) Plaintiffs' Response to Examinee Maria Antonieta Pimienta's Opposition to Application and Order to Appear for Examination of Third Person Regarding Enforcement of Judgment [Doc. No. 86]; and
  3) Examinee Maria Antonieta Pimienta's Reply to Opposition to Motion for Protective Order [Doc. No. 87].

finds that this matter is suitable for disposition without oral argument, pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3).[2]

## I. Procedural Background

On January 4, 2006, the Court entered judgment against Hugo Pimienta and in favor of John Jacuzzi, Sr., Margarita Jacuzzi, John Jacuzzi, Jr., James Jacuzzi, and Patricia Jacuzzi, by and through her Trustee, John Jacuzzi, Sr. (collectively, the "Judgment Creditors"). *See* Doc. No. 46 (the "Judgment"). On March 28, 2019, the Court ordered third party Maria Antoineta Pimienta ("Maria Pimienta") to appear at an enforcement of judgment examination (the "Examination"). *See* Doc. No. 73. By the instant Motion, Maria Pimienta seeks a protective order in connection with the Examination.

## II. Findings and Conclusions

Cal. Code Civ. Proc. § 708.200 authorizes the Court to "make such protective orders as justice may require" in connection with an examination to enforce a judgment.

An examinee "is entitled to assert the same privileges that a trial witness may assert as a basis for refusing to answer questions or respond to requests for information," and if an appropriate showing is made, may "refuse to respond to requests for privileged information." *Hooser v. Superior Court*, 84 Cal. App. 4th 997, 1002, 101 Cal. Rptr. 2d 341, 345 (2000), *disapproved of on other grounds by Williams v. Superior Court*, 3 Cal. 5th 531, 398 P.3d 69 (2017).

### A. Document Request Nos. 1, 5, 26, and 27

Document Request Nos. 1 and 5 seek records relating to or evidencing the formation of the Maria A. Pimienta Living Trust (the "Trust"). Document Request No. 26 seeks records relating to or evidencing the formation of Thaer, LLC ("Thaer"). Document Request No. 27 seeks records relating to or evidencing the formation of Tads, LLC ("Tads").

Maria Pimienta objects to Document Request Nos. 1, 5, 26, and 27, arguing that these requests require the production of documents subject to the attorney client privilege and/or attorney work product privilege. Maaria Pimienta states that the documents forming the Trust, Thaer, and Tads were prepared by attorneys hired by Maria Pimienta. Maria Pimienta does not oppose the Judgment Creditors' demand that any documents as to which Maria Pimienta claims the attorney client privilege and/or attorney work product privilege must be identified on a privilege log.

The Court agrees that documents as to which Maria Pimienta claims the attorney client privilege and/or attorney work product privilege should be identified on a privilege log. Provided such documents are so identified, Maria Pimienta is authorized to withhold them from production, subject to further adjudication by the Court in the event that Judgment Creditors object to Maria Pimienta's assertion of the privilege.

---

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

**B. Documents Containing Financial Account Numbers and Other Personal Identifiers**

Certain document requests (including Request Nos. 2, 3, and 6) demand the production of documents that may contain financial account numbers or other personal identifiers. Maria Pimienta requests authorization to produce these documents with the financial account numbers and other personal identifying information redacted. Judgment Creditors maintain that Maria Pimienta's concerns regarding confidentiality can be addressed through a requirement that the documents be produced with the condition that they are for "Attorney's Eyes Only." Maria Pimienta contends that execution of a use and disclosure agreement would be unduly complicated, and would not guarantee that the documents were not shared with unauthorized parties.

Confidentiality agreements restricting the dissemination of documents containing sensitive information to attorneys are routinely employed in litigation. Execution of such confidentiality agreements is not complicated. As officers of the court, attorneys receiving documents subject to a confidentiality agreement are required to strictly abide by the agreement's terms, or be sanctioned by the Court, if appropriate. Maria Pimienta's request to redact financial account numbers or other personal identifiers is denied. The documents shall be produced unredacted, subject to a confidentiality agreement. By no later than **June 12, 2019**, the parties shall file with the Court an executed confidentiality agreement, accompanied by a proposed order thereon.

**C. Real Estate Leases**

Document Request Nos. 16–18 seek the production of real estate leases for which Maria Pimienta is the lessor. Maria Pimienta seeks authorization to redact the names, account numbers, and personal information of the lessees. Maria Pimienta asserts that the lessees are unrelated third parties. Judgment Creditors oppose any redaction, asserting that they should be permitted to scrutinize whether the lessees are really unrelated to Maria Pimienta or the Judgment Debtor. In reply, Maria Pimienta states that she is willing to produce unredacted those leases containing the Judgment Debtor's name or the name of any business entity related to the Judgment Debtor.

Maria Pimienta's request to produce redacted versions of the leases is denied. All leases shall be produced unredacted, regardless of Maria Pimienta's position as to whether the lessees are or are not related to the Judgment Debtor. The Judgment Creditors must be provided the opportunity to investigate whether purportedly non-related lessees are in fact somehow related to the Judgment Debtor. However, production of the leases shall be subject to the confidentiality agreement discussed in ¶ B, above.

**D. Tax Returns**

Maria Pimienta seeks a protective order authorizing her to withhold tax returns. In the briefing submitted in response to the Court's order, the Judgment Creditors do not oppose the request.

As explained in *Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274, 125 Cal. Rptr. 2d 371, 375 (2002):

> California courts … have interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns. The purpose of the privilege is to encourage voluntary filing of tax returns and truthful reporting of income, and thus to facilitate tax collection.

> But this statutory tax return privilege is not absolute. The privilege will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved. This latter exception is narrow and applies only "when warranted by a legislatively declared public policy." (*Ibid.*) A trial court has broad discretion in determining the applicability of a statutory privilege.

*Weingarten*, 102 Cal. App. 4th 268, 274, 125 Cal. Rptr. 2d 371, 375 (Cal. Ct. App. 2002) (internal citations omitted).

Nothing in the record indicates that any of the three exceptions to the tax return privilege apply here. Maria Pimienta is not required to produce any tax returns.

### E. Document Request No. 12

Document Request No. 12 demands "[a]ll records, documents, and writings referring or relating to any beneficiary of the Trust." Maria Pimienta seeks an order limiting this request to documents relating to the Trust. Maria Pimienta notes that otherwise, a plain reading of Request No. 12 would require her to produce all documents relating to trust beneficiaries—such as her children's medical records, birth certificates, and report cards. Judgment Creditors state that they are willing to limit Document Request No. 12 to "all records, documents, and writings identifying the beneficiary(ies) of the trust and any payments made to, or on behalf of, the beneficiary(ies)." In reply, Maria Pimienta asserts that she should only be required to disclose payments made to, or on behalf of, trust beneficiaries if they exceed $500.

The Court finds that requiring Maria Pimienta to disclose *de minimis* payments to trust beneficiaries could prove unduly burdensome. However, the $500 threshold proposed by Maria Pimienta is too high. Maria Pimienta shall disclose all payments made to, or on behalf of, trust beneficiaries; provided, however, that Maria Pimienta shall not be required to disclose payments to any trust beneficiary if the aggregate sum of all payments to that beneficiary do not exceed $250. Maria Pimienta shall produce "all records, documents, and writings identifying the beneficiary(ies) of the trust and any payments made to, or on behalf of, the beneficiary(ies)."

### F. Scope of the Examination

Maria Pimienta requests that the scope of the examination be limited to matters pertaining to the 27 categories of documents demanded in the document production requests. Judgment Creditors oppose the request. Judgment Creditors note that Maria Pimienta is the Judgment Debtor's former wife and currently resides in the same residence as the Judgment Debtor. Judgment Creditors contend that Maria Pimienta is in a unique position to have knowledge of what assets may be available to satisfy the Judgment. In reply to the Judgment Creditors' opposition, Maria Pimienta states that she does not oppose questions concerning the Judgment Debtor's income, assets, and business interests. Subject to this modification, Maria Pimienta reasserts her contention that the examination should otherwise be limited to matters pertaining to the 27 categories of document requests.

The Court declines to impose any limitations on the scope of the examination. Examinations to enforce a judgment are intended "'to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor,' and 'to leave no stone unturned in the search for assets which might be used to satisfy the judgment.'" *United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (internal citations omitted). It is

impossible for the Court to know in advance which lines of questioning by the Judgment Creditors might lead to the recovery of assets. Therefore, any attempt by the Court to craft language constraining the scope of the examination could have the unintended consequence of frustrating the Judgment Creditor's ability to engage in legitimate lines of inquiry that may unearth assets.

### III. Conclusion

Based upon the foregoing, the Motion is GRANTED IN PART and DENIED IN PART. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: June 4, 2019

Ernest M. Robles
United States Bankruptcy Judge